UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Efrain Ramos,<br><br>            Plaintiff,<br><br>vs.<br><br>Maxine Ltd. 401(k) Plan, Maxine Kroll, Ronald A. Vari, and Maxine Ltd.,<br><br>            Defendants.<br><br>Maxine, Ltd.,<br><br>            Third-Party Plaintiff,<br><br>vs.<br><br>Atilano Salazar, and The Lincoln National Life Insurance Company,<br><br>            Third-Party Defendants. | 10 C 3223<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Efrain Ramos filed this ERISA action against Defendants Maxine, Ltd. 401(k) Plan ("Plan"), Maxine, Ltd. ("Limited"), Maxine Kroll, and Ronald Vari. Ramos is the surviving spouse of Maria Salazar, an employee of Limited and a participant in the Plan until her death in January 2009. Limited is the Plan's administrator, and Kroll and Vari are its trustees. Ramos alleges that Defendants, in violation of ERISA, distributed Salazar's interest in the Plan to her father, Third-Party Defendant Atilano Salazar, rather than to Ramos. Limited, Kroll, and Vari have moved to dismiss the claims against them. The motion does not seek dismissal of the Plan.

-1-

The motion to dismiss is denied as to Limited. As a general rule, a plaintiff seeking to recover ERISA benefits under 29 U.S.C. § 1132(a)(1)(B) "is limited to a suit against the Plan." *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007); *see also Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004); *Garratt v. Knowles*, 245 F.3d 941, 949 n.7 (7th Cir. 2001); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). There is an exception, however, where "the employer was the plan administrator and the employer and the plan were otherwise closely intertwined." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001); *see also Mein v. Carus Corp.*, 241 F.3d 581, 582-85 (7th Cir. 2001). It is undisputed that Limited is the employer and the Plan's administrator. The only question is whether Limited and the Plan are sufficiently "closely intertwined" to permit Ramos to sue Limited as well as the Plan.

One factor relevant to the "clearly intertwined" exception is whether the plan documents refer interchangeably to the administrator/employer and the plan. *See Mote*, 502 F.3d at 611; *Mein*, 241 F.3d at 585. That does not appear to be the case here, as the only plan documents in the record plainly identify the "Employer" as "Maxine, LTD." and the "Plan" as "Maxine, LTD. 401(k) Plan." Doc. 30 at 3. Another factor relevant to the exception is whether the employer is the plan's designated agent for service of process. *See Neuma*, 259 F.3d at 872 n.4; *Mein*, 241 F.3d at 585. In his brief opposing the motion to dismiss, Ramos contends that Limited is the Plan's registered agent. *See* Doc. 47-2 at 2. Although Ramos does not cite the record for his contention, Limited's reply brief does not acknowledge, let alone dispute, Ramos's suggestion that Limited is the Plan's registered agent. *See* Doc. 49. Limited also does not acknowledge or dispute Ramos's factual assertion that the Plan and Limited share the same address, or explain why that (alleged) fact has no legal relevance.

Given these uncertainties, it would be inappropriate at the Rule 12(b)(6) stage to dismiss Limited on the ground that it is not sufficiently "intertwined" with the Plan to allow a separate claim against Limited. *See Crosby v. Bowater Inc. Retirement Plan for Emps. of Great N. Paper, Inc.*, 2006 WL 2578928, at *9 (N.D. Ill. Sept. 1, 2006) ("Whether [defendant] and the Plan are sufficiently intertwined so as fall into the exceptionally 'intertwined' category, or to fall into the garden-variety scenario, is not immediately apparent. The subject is a fact-specific one that likely is not best resolved at the motion-to-dismiss stage, at least, as here, where there are potentially relevant factual questions that are not explored in detail in the briefs."); *Leonardo v. Health Care Serv. Corp.*, 2010 WL 317520, at *4-5 (N.D. Ill. Jan. 20, 2010) (declining to dismiss in light of similar uncertainty); *Enenstein v. Eagle Ins. Agency, Inc.*, 2006 WL 1594019, at *4 (N.D. Ill. June 7, 2006) ("It is premature at this juncture, when we are merely reviewing whether the allegations in the complaint state a valid claim, to engage into an evidentiary inquiry concerning the Defendants' relationship to the Plan."). Limited may seek dismissal on this ground at the summary judgment stage, on a more complete record. If Limited does so, potentially relevant factors would be whether other plan documents, not presently in the record, refer interchangeably to Limited and the Plan; whether Limited actually is the Plan's registered agent and, if so, whether that fact alone is sufficient to show that Limited and the Plan are "closely intertwined"; whether Limited and the Plan share an address and, if so, whether that fact is legally relevant; whether the Plan is funded from Limited's general assets or from a separate trust, *see Hakim v. Accenture U.S. Pension Plan*, 2010 WL 3257898, at *6 (N.D. Ill. Aug. 16, 2010); and whether the Plan trustees, when communicating with Ramos or Salazar's father on matters related to the Plan, used Limited stationery or otherwise indicated their affiliation with Limited, *see Mein*, 241 F.3d at 585; *Crosby*, 2006 WL 2578928, at *9.

The motion to dismiss is granted as to Kroll and Vari. Ramos's opposition brief explains that he sued Kroll and Vari (and Limited) for breaching their fiduciary duties as trustees under Section 409(a) of ERISA, which provides in pertinent part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

29 U.S.C. § 1109(a) (emphasis added). Although Kroll and Vari (as trustees) and Limited (as the Plan administrator) are ERISA fiduciaries, *see* 29 U.S.C. § 1002(21)(A), the statutory text plainly limits a fiduciary's liability under § 1109(a) to the Plan itself, and "does not authorize an award of damages to individual plan participants." *Lumenite Control Tech., Inc. v. Jarvis*, 252 F. Supp. 2d 700, 711 (N.D. Ill. 2003) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)); *see also Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 992-93 (7th Cir. 1993).

Thus, Ramos may bring a fiduciary duty claim for money damages under § 1109(a) only "in a representative capacity on behalf of the plan as a whole." *Stein v. Unum Provident Ins. Co. of Am.*, 2005 WL 2338819, at *6 (N.D. Ill. Sept. 22, 2005). Because Ramos's claim "is not premised on harm to the entire … plan," but instead "is based on [his] allegation that [Kroll, Vari, and Limited] breached [their] fiduciary duties when" they distributed to Salazar's father Salazar's interest in the Plan, Ramos cannot bring a fiduciary duty claim against Kroll or Vari (or Limited) to recover the allegedly misdirected sums. *Ibid.*; *see also Hartenbower v. Elec. Specialties Co. Health Ben. Plan*, 977 F. Supp. 875, 887 (N.D. Ill. 1997).

For the foregoing reasons, the motion to dismiss is denied as to Limited and granted as to Kroll and Vari.

November 10, 2010

_____
United States District Judge